**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS NOVOA, MICHAEL ALVAREZ, BRIAN BELOTE-DINFORD, and TREVOR GRANT, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>CHARTER COMMUNICATIONS, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 1:13-cv-01302-BAM<br>CLASS ACTION<br>Hon. Barbara A. McAuliffe<br><br>Action Filed:      07/05/2013<br>Action Removed:  08/16/2013<br><br>**FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT** |

1

*Novoa v. Charter Communications, LLC,* Case No. 13-cv-01302-BAM
Final Judgment and Order Approving Class Action Settlement

This matter came before the Court on June 3, 2016, for a hearing on Plaintiffs' Motions for (1) Final Judgment and Order Approving Class Action Settlement; and for (2) Approval of Attorneys' Fees and Costs, and Plaintiffs' Enhancement Awards.  Due and adequate notice having been given to Class Members as required by the Court's March 4, 2016 Preliminary Approval Order (Dkt. No. 60), and the Court having considered all papers filed and proceedings in this action, and having received no objections to the settlement, and determining that the settlement is fair, adequate, and reasonable, and otherwise being fully informed and good cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. This Order adopts and incorporates by reference the terms and conditions of the parties' Stipulation of Class Action Settlement ("Settlement Agreement") together with the definitions used herein.

2. This Court has jurisdiction over the claims of the members of the Class asserted in this proceeding, personal jurisdiction over the Plaintiffs and Defendant, and the members of the Class, as defined in the Settlement Agreement.

3. This Court previously conditionally certified the Class for settlement purposes. The Court hereby grants final certification approval, for settlement purposes to the Class, consisting of:

> All individuals who worked for Charter Communications, LLC in California, who received a paycheck at any time between July 5, 2012 and March 24, 2013 for performing work in the field, including as Broadband Technicians, Broadband Installers, Installation Technicians, Repair Technicians, Service Technicians, System Technicians, Field Auditors, or Quality Assurance Inspectors.

4. Notice given to the class fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to exclude themselves from, object to, or comment on the settlement, and to appear at the final approval hearing.  The notice was reasonable and the best notice practicable under the circumstances.  Accordingly, this Court finds that the notice program described in the Settlement and completed by the Settlement Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

2

*Novoa v. Charter Communications, LLC,* Case No. 13-cv-01302-BAM
Final Judgment and Order Approving Class Action Settlement

5. The Settlement Agreement is not an admission by Defendants or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants or any other released party.  Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or any of the released parties.

6. All Class Members are bound by this Final Approval Order and by the terms of the parties' Settlement Agreement, including releases provided for in the Settlement and this Final Approval Order.  As of the effective date of Settlement, by operation of the entry of this Final Approval Order, each Class Member, including Plaintiffs, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Released Parties.

7. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt out of the settlement are bound by this Order.

8. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval.  In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiffs' counsel; that the settlement is the result of serious, informed, adversarial and arm's-length negotiations between the parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

9. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of the Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiffs' counsel.  The Court has also considered the absence of objection to the settlement.

3

*Novoa v. Charter Communications, LLC,* Case No. 13-cv-01302-BAM
Final Judgment and Order Approving Class Action Settlement

10. The Court hereby finds the Settlement Payments provided to Class Members under the terms of the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and payments to be made and administered in accordance with the terms of the Settlement Agreement.

11. The Court finds that the services provided by the Settlement Administrator were for the benefit of the Class, and the cost of $14,000 is fair, reasonable, and appropriate for reimbursement. The Court approves payment to CPT Group, Inc. for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

12. The Court confirms The Markham Law Firm, Kershaw Cook & Talley, Aequitas Law Group and United Employees Law Group as Class Counsel in this action. The Court finds that Class Counsel have the sufficient experience, knowledge, and skill to promote and safeguard the interests of the Class. The Court therefore finds that Plaintiffs' counsel satisfy the professional and ethical obligations of Class Counsel.

13. The Court further approves an award of attorneys' fees of $130,000. The Court finds that this amount is supported by both the application of the percentage fee and the lodestar-plus-multiplier methods for awarding reasonable attorneys' fees.

14. In the course of this litigation, Class Counsel incurred $17,504.90 in costs in the form of court filing fees, mediation fees, deposition transcripts, document copying fees, legal research charges, deposition travel expenses and delivery charges. The Court approves the reimbursement of Class Counsel's costs in the amount of $17,504.90, pursuant to the terms of the Settlement Agreement.

15. The Court finds that Luis Novoa, Michael Alvarez, Brian Belote-Dinford, and Trevor Grant are suitable representatives for the Settlement Class and are hereby appointed the Class Representatives. The Court finds that Class Representatives' investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and their interests are aligned with those of the Settlement Class.

4

*Novoa v. Charter Communications, LLC,* Case No. 13-cv-01302-BAM
Final Judgment and Order Approving Class Action Settlement

16. The Court finds Service Awards in the amount of $5,000 to Plaintiff Novoa, and $2,500 to Plaintiff Alvarez, $2,500 to Plaintiff Belote-Dinford and $2,500 to Plaintiff Grant fair and reasonable compensation based upon the evidence presented regarding the services provided and risks incurred by Plaintiffs in assisting Class Counsel.[1]

17. Without affecting the finality of this Final Approval Order, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement, including Defendant and Class Members, to administer, supervise, construe and enforce the Settlement in accordance with its terms.

IT IS SO ORDERED.

Dated: **June 6, 2016**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to the settlement agreement, because the amount awarded by the Court is a lower amount, the difference will be allocated to the Net Fund Value of the settlement award. (Settlement Agreement, § 11(b)).